# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
# CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE** **2. PLEASE TYPE OR PRINT** **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| Theodore Bohn, Plaintiff<br>vs.<br>City of New York, John Doe 1-50, Jane Doe 1-10, A, B, and C, Defendants | Southern District of NY | Paul A. Engelmayer |
| | Date the Order or Judgment Appealed from was Entered on the Docket: 03/23/2026 and 07/27/26 | District Court Docket No.: 1:24cv09283 |
| | Date the Notice of Appeal was Filed: 07/29/2026 | Is this a Cross Appeal? ☐ Yes ☑ No |

| | Counsel's Name: Address: Telephone No.: Fax No.: E-mail: |
|---|---|
| **Attorney(s) for Appellant(s):**<br>☑ Plaintiff<br>☐ Defendant | Theodore Bohn 90 Montgomery St. Bloomfield, NJ 07003 6315122412 Ted1091@gmail.com |
| **Attorney(s) for Appellee(s):**<br>☐ Plaintiff<br>☑ Defendant | Corporation Counsel City of New York 100 Church Street, NY, NY 10007 shrekris@law.nyc.gov, Steven Banks (via ecf/acms) |

| Has Transcript Been Prepared? | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously? ☐ Yes ☑ No |
|---|---|---|---|
| No Transcript | 0 | 0 | If Yes, provide the following:<br>Case Name: n.a.<br>2d Cir. Docket No.: n.a.<br>Reporter Citation: (i.e., F.3d or Fed. App.) n.a. |

***ADDENDUM "A"*: COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.**

***ADDENDUM "B"*: COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.**

## PART A: JURISDICTION

| 1. Federal Jurisdiction | | 2. Appellate Jurisdiction | |
|---|---|---|---|
| ☐ U.S. a party | ☐ Diversity | ☑ Final Decision | ☐ Order Certified by District Judge (i.e., Fed . R. Civ. P. 54(b)) |
| ☑ Federal question (U.S. not a party) | ☐ Other (specify): ______________ | ☐ Interlocutory Decision Appealable As of Right | ☐ Other (specify): ________________ |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**PART B: DISTRICT COURT DISPOSITION (Check as many as apply)**

**1. Stage of Proceedings**
- ☑ Pre-trial
- ☐ During trial
- ☐ After trial

**2. Type of Judgment/Order Appealed**
- ☐ Default judgment
- ☐ Dismissal/FRCP 12(b)(1) lack of subject matter juris.
- ☑ Dismissal/FRCP 12(b)(6) failure to state a claim
- ☐ Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- ☐ Dismissal/28 U.S.C. § 1915(e)(2) other dismissal
- ☐ Dismissal/other jurisdiction
- ☐ Dismissal/merit
- ☐ Judgment / Decision of the Court
- ☐ Summary judgment
- ☐ Declaratory judgment
- ☐ Jury verdict
- ☐ Judgment NOV
- ☐ Directed verdict
- ☐ Other (specify):

**3. Relief**
- ☑ Damages:
  - ☐ Sought: $ ______
  - ☐ Granted: $ ______
  - ☐ Denied: $ ______
- ☐ Injunctions:
  - ☐ Preliminary
  - ☐ Permanent
  - ☐ Denied

**PART C: NATURE OF SUIT (Check as many as apply)**

**1. Federal Statutes**
- ☐ Antitrust
- ☐ Bankruptcy
- ☐ Banks/Banking
- ☑ Civil Rights
- ☐ Commerce
- ☐ Energy
- ☐ Commodities
- ☐ Other (specify): ___________
- ☐ Communications
- ☐ Consumer Protection
- ☐ Copyright ☐ Patent
- ☐ Trademark
- ☐ Election
- ☐ Soc. Security
- ☐ Environmental
- ☐ Freedom of Information Act
- ☐ Immigration
- ☐ Labor
- ☐ OSHA
- ☐ Securities
- ☐ Tax

**2. Torts**
- ☐ Admiralty/ Maritime
- ☐ Assault / Defamation
- ☐ FELA
- ☐ Products Liability
- ☐ Other (Specify):

**3. Contracts**
- ☐ Admiralty/ Maritime
- ☐ Arbitration
- ☐ Commercial
- ☐ Employment
- ☐ Insurance
- ☐ Negotiable Instruments
- ☐ Other Specify

**4. Prisoner Petitions**
- ☐ Civil Rights
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Parole
- ☐ Vacate Sentence
- ☐ Other

**5. Other**
- ☐ Hague Int'l Child Custody Conv.
- ☐ Forfeiture/Penalty
- ☐ Real Property
- ☐ Treaty (specify): ________________
- ☐ Other (specify): ________________

**6. General**
- ☐ Arbitration
- ☐ Attorney Disqualification
- ☐ Class Action
- ☐ Counsel Fees
- ☐ Shareholder Derivative
- ☐ Transfer

**7. Will appeal raise constitutional issue(s)?**
☑ Yes ☐ No

Will appeal raise a matter of first impression?
☑ Yes ☐ No

1. Is any matter relative to this appeal still pending below? ☑ Yes, specify: Motion for recusal ☐ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:
   (A) Arises from substantially the same case or controversy as this appeal? ☐ Yes ☑ No
   (B) Involves an issue that is substantially similar or related to an issue in this appeal? ☐ Yes ☑ No

If yes, state whether ☐ "A," or ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| | | | |

Name of Appellant: Theodore Bohn

Date: July 29, 2026

Signature of Counsel of Record: /s Theodore Bohn

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $605 docketing fee to the United States District Court or the $600 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

# ADDENDUM A TO FORM C

## SUMMARY OF CASE

Plaintiff is an attorney admitted to practice for 38 years. Plaintiff is a Gay man (now 70 years of age) who devoted the first ten years of his practice overwhelmingly to pro bono assistance to People With AIDS. Plaintiff brought a case against a member of the FDNY who was an accomplice in an assault on two AIDS educators/People with AIDS. *Cavallo/Stapen v. Finn* (Supreme Court, Queens Co.) Finn and accomplice walked past the AIDS educators and their card table with AIDS prevention literature and condoms. Finn flipped over the table, and returned minutes later with his accomplice in a vehicle, impersonated a police officer, brandished a firearm (so Cavallo/Stapen would not resist) while his accomplice, an Irish national, assaulted them. A bystander had written down the license plate of the vehicle. Finn was arrested and charged with at least one felony. His accomplice fled the United States and was never apprehended. Finn was offered a plea to a misdemeanor so that he would not be terminated and lose his pension. That was a grave error as this record attests. During the pendency of the civil matter, Finn was arrested again, this time for molesting his minor daughter.

The undersigned prevailed on summary judgment in the resulting civil action. By the time collection efforts were underway, Plaintiff, a native New Yorker, could no longer walk a city block because of relentless gang activity which had never before been an issue. From cut phone lines (once from inside a Verizon facility), hundreds of pieces of stolen, vandalized, or opened mail, slashed tires, numerous burglaries of Plaintiff's home (primarily taking videographic evidence of these events), an anti-gay thug posing as a new client in Plaintiff's office (who was later arrested by the FBI for interstate, brutal assaults on gay men), the targeting of Plaintiff's vehicle by the NYPD resulting in cumulative fines sometimes twice in the course of an hour for the same alleged violation, an assault, and much more. By 2001, travel on public transportation was no longer possible. Defendant FDNY and at times NYPD confederates stalk(ed) Plaintiff everywhere. They began to interrupt oral arguments as well as depositions with fire alarms. They show(ed) up anywhere and everywhere Plaintiff goes – in court, lunch appointments, doctor's appointments, closings, cemeteries, following any vehicle in which Plaintiff is traveling with lights and sirens (not infrequently turning them off alongside). Much of the complained of activity is documented in videographic form (making the factual allegations of the Complaint evidentiary in nature (as opposed to merely propositional). Significantly, Defendant City of New York lacks documentary support for most of these incidents.

This case was commenced in 2024. Two causes of action are asserted:

1. Because the FDNY/NYPD know Plaintiff's whereabouts at all times, a 4th A. claim under the rationale of *Carpenter v. United States*, 585 U.S. 296, 138 S.Ct. 2206, 201 L.Ed.2d 507 (2108) and *United States v. Jones*, 565 U.S. 400, 132 S.Ct. 945, 181 L.Ed.2d. 911 (2012) is asserted.

2. A 1st A. retaliation claim is asserted under *Anderson v. Davila, 125 F.3d 148 (3d Cir. 1997) a*nd *Perkins Coie LLC v. U.S. Department of Justice, 783 F.Supp.3d 105 (DDC 2025)* (recognizing the practice of law as protected activity).

Defendant City of New York brought a Rule 12(b)(6) motion in which *Twombley/Iqbal* did the heavy lifting. A not insubstantial portion of Plaintiff's opposition pointed to the fact that Defendant had not satisfied its *prima facie* obligation under *Twombley/Iqbal* to show how and in what respects the facts as alleged failed plausibly to state a cause of action. Nothing contained in Defendant's moving papers discussed the elements necessary to state a claim under either cause of action. Defendant's moving (as well as reply) papers also failed even to offer a non-evidentiary explanation of Plaintiff's factual predicate. The Reply papers therefore failed to respond to the detailed arguments made in opposition.

The Court below took four months and twenty days to render an eleven page decision which dismissed the case with prejudice as against all defendants, including unnamed defendants. Seventy-five percent of the decision was boilerplate. The other 25% literally rewrote the Complaint's factual allegations. In some instances, the rewritten facts were transformed into affirmative misrepresentations of fact (statements which Plaintiff had nowhere made). In others, the rewritten facts omitted material assertions rendering them incomplete or disconnected from the larger constellation of facts, and therefore meaningless. Following each rewritten factual statement in the court's opinion were the words "cleaned up" a term which, following a lengthy Westlaw research session, could only be identified as having been used following citations. Nothing in *Twombley/Iqbal* (or any other case for that matter) authorized a court unable to address the facts as pled to rewrite them in order to be able to assail them. On the contrary, a court which is unable to address the facts as pled is instead obligated to deny a motion brought pursuant to F.R.Civ.P. 12(b)(6).

In March 23rd opinion, the court dismissed the Complaint with prejudice, and used vitriolic, disrespectful and demeaning language to describe Plaintiff – language which was clearly intended to inflict damage far beyond the parameters of this case. Further, the court's decision cited/rested on cases bearing no similarity to the instant case, and treated

the evidentiary allegations of serious criminal activity dismissively. The court referred to the allegations as describing “quotidian” “inopportune” and “inconvenient” occurrences; such statements made in the context of increasing violence against members of the bar/bench by disgruntled litigants, were not only highly objectionable, but were also, as a factual matter, inaccurate. The court can point to no other attorney who has experienced such a protracted campaign of criminal activity.

A thoroughly briefed motion pursuant to F.R.Civ.P. 59[e] followed which resulted in a three page opinion on July 27th. That decision did nothing more than to perfunctorily reference Plaintiff’s arguments without addressing them substantively. It also failed to address the argument, squarely made by Plaintiff, that in reaching its opinion of March 23rd, the court had taken the unprecedented step of rewriting the facts as pled. Like the underlying decision of March 23rd, the decision on the F.R.Civ.P. 59[e] motion failed to discuss a single case cited by Plaintiff, any of the arguments made by Plaintiff, the elements of the causes of action, or why the facts as alleged failed plausibly to state a claim.

Lastly, while the F.R.Civ.P. 59[e] motion was pending, Plaintiff filed a Motion for Recusal. The court then set a briefing schedule for the recusal motion, but rendered its decision on the F.R.Civ.P. 59[e] motion shortly thereafter, rather than addressing the recusal motion first. That procedural issue is also implicated on this record.

A Notice of Appeal was filed within days of the July 27th decision. The recusal motion has been fully submitted and remains pending. It will be necessary to file an Amended Notice of Appeal to encompass the decision on the recusal motion once issued.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------x
THEODORE BOHN,
Plaintiff

-vs-

CITY OF NEW YORK, JOHN DOE 1-50,
JANE DOE 1-10, A, B, and C,
Defendants.
-----------------------------------------------x

Docket No: 1:24cv09283 (PAE)(GS)

NOTICE OF APPEAL

Notice is hereby given that THEODORE BOHN, Plaintiff in the above-captioned case appeals to the United States Court of Appeals for the Second Circuit from the Orders entered on March 23, 2026 dismissing the within action with prejudice, as well as the Order entered on July 27, 2026 denying Plaintiff's Motion brought pursuant to F.R.Civ.P. 59[e]. Plaintiff appeals from each and every part of each Order.

Dated: July 29, 2026

/s Theodore Bohn
Theodore Bohn, MSW
90 Montgomery Street
Bloomfield, NJ 07003
(212) 787-0319
Ted1091@gmail.com

**From:** NYSD_ECF_Pool@nysd.uscourts.gov
**To:** NYSD CourtMail
**Subject:** Activity in Case 1:24-cv-09283-PAE-GS Bohn v. City of New York et al Appeal Record Sent to USCA - Electronic File
**Date:** Thursday, July 30, 2026 9:24:31 AM

---

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**Southern District of New York**

## Notice of Electronic Filing

The following transaction was entered on 7/30/2026 at 9:24 AM EDT and filed on 7/30/2026
**Case Name:** Bohn v. City of New York et al
**Case Number:** 1:24-cv-09283-PAE-GS
**Filer:**
**WARNING: CASE CLOSED on 03/23/2026**
**Document Number:** No document attached

**Docket Text:**
**Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for [68] Notice of Appeal, filed by Theodore Bohn were transmitted to the U.S. Court of Appeals. (tp)**

**1:24-cv-09283-PAE-GS Notice has been electronically mailed to:**

Theodore R. Bohn ted1091@gmail.com, trbohn@yahoo.com

Inna Shapovalova inshapov@law.nyc.gov

Shreya Krishnamurthy shrekris@law.nyc.gov

**1:24-cv-09283-PAE-GS Notice has been delivered by other means to:**

CLOSED,APPEAL,CASREF,ECF,PRO−SE

# U.S. District Court
# Southern District of New York (Foley Square)
# CIVIL DOCKET FOR CASE #: 1:24−cv−09283−PAE−GS

Bohn v. City of New York et al
Assigned to: Judge Paul A. Engelmayer
Referred to: Magistrate Judge Gary Stein
Demand: $1,000,000
Cause: 42:1983 Civil Rights Act

Date Filed: 12/05/2024
Date Terminated: 03/23/2026
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Theodore Bohn** represented by **Theodore R. Bohn**
Theodore R. Bohn
90 Montgomery Street
Bloomfield, NJ 07003
631−512−2412
Email: ted1091@gmail.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**City of New York** represented by **Inna Shapovalova**
New York City Law Department
100 Church St.
New York, NY 10007
212−356−2656
Email: inshapov@law.nyc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shreya Krishnamurthy**
New York City Law Department
New York City Law Department
Special Federal Litigation Division
100 Church St
New York, NY 10007
212−356−2671
Email: shrekris@law.nyc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Doe 1−50**

**Defendant**

**Jane Doe 1−10**

**Defendant**

**ABC**

| Date Filed | # | Docket Text |
|---|---|---|
| 12/05/2024 | 1 | **FILING ERROR DEFICIENT PLEADING − PDF ERROR −** COMPLAINT against All Defendants. (Filing Fee $ 405.00, Receipt Number ANYSDC−30287791)Document filed by Theodore Bohn..(Bohn, Theodore) Modified on 12/6/2024 (jgo). (Entered: 12/05/2024) |

| | | |
|---|---|---|
| 12/05/2024 | 2 | **FILING ERROR − PDF ERROR −** CIVIL COVER SHEET filed..(Bohn, Theodore) Modified on 12/9/2024 (jgo). (Entered: 12/05/2024) |
| 12/06/2024 | | *****NOTICE TO ATTORNEY REGARDING DEFICIENT PLEADING. Notice to Attorney Theodore R. Bohn to RE−FILE Document No. 1 Complaint,. The filing is deficient for the following reason(s): the PDF attached to the docket entry for the pleading is not correct; the wrong Filing Court title reflected on the PDF. Re−file the pleading using the event type Complaint found under the event list Complaints and Other Initiating Documents − attach the correct signed PDF − select the individually named filer/filers − select the individually named party/parties the pleading is against. If the deficiency/deficiencies are not corrected within five (5) days per Amended Standing Order 15−mc−00131 this case will be administratively closed. Initial Pleading due by 12/11/2024. (jgo)** (Entered: 12/06/2024) |
| 12/06/2024 | 3 | **FILING ERROR − DEFICIENT PLEADING − FILED AGAINST PARTY ERROR** COMPLAINT against All Defendants. Document filed by Theodore Bohn..(Bohn, Theodore) Modified on 12/9/2024 (jgo). (Entered: 12/06/2024) |
| 12/09/2024 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above−entitled action is assigned to Judge Paul A. Engelmayer. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district−judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf−related−instructions..(jgo) (Entered: 12/09/2024) |
| 12/09/2024 | | Magistrate Judge Gary Stein is designated to handle matters that may be referred in this case. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018−06/AO−3.pdf. (jgo) (Entered: 12/09/2024) |
| 12/09/2024 | | Case Designated ECF. (jgo) (Entered: 12/09/2024) |
| 12/09/2024 | | *****NOTICE TO ATTORNEY REGARDING DEFICIENT PLEADING. Notice to Attorney Theodore R. Bohn to RE−FILE Document No. 3 Complaint. The filing is deficient for the following reason(s): the All Defendant radio button was selected;. Re−file the pleading using the event type Complaint found under the event list Complaints and Other Initiating Documents − attach the correct signed PDF − select the individually named filer/filers − select the individually named party/parties the pleading is against. (jgo)** (Entered: 12/09/2024) |
| 12/09/2024 | | *****NOTICE TO ATTORNEY REGARDING DEFICIENT CIVIL COVER SHEET. Notice to attorney Theodore R. Bohn to RE−FILE Document No. 2 Civil Cover Sheet. The filing is deficient for the following reason(s): the PDF attached to the docket entry for the civil cover sheet is not correct; the form used for the civil cover sheet is not the S.D.N.Y. Civil Cover Sheet form dated December 4, 2024; the PDF was not properly signed by the attorney. Re−file the document using the event type Civil Cover Sheet found under the event list Other Documents and attach the correct PDF. Use civil cover sheet issued by S.D.N.Y. dated December 4, 2024. The S.D.N.Y. Civil Cover Sheet dated December 4, 2024 is located at http://nysd.uscourts.gov/forms/civil−cover−sheet−2.. (jgo)** (Entered: 12/09/2024) |
| 12/09/2024 | 4 | COMPLAINT against ABC, City of New York, Jane Doe 1−10, John Doe 1−50. Document filed by Theodore Bohn..(Bohn, Theodore) (Entered: 12/09/2024) |
| 12/09/2024 | 5 | CIVIL COVER SHEET filed..(Bohn, Theodore) (Entered: 12/09/2024) |
| 12/09/2024 | 6 | CIVIL COVER SHEET filed..(Bohn, Theodore) (Entered: 12/09/2024) |
| 12/16/2024 | 7 | ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for General Pretrial (includes scheduling, discovery, non−dispositive pretrial motions, and settlement). Referred to Magistrate Judge Gary Stein. (Signed by Judge Paul A. Engelmayer on 12/16/2024) (sgz) (Entered: 12/17/2024) |

| | | |
|---|---|---|
| 01/09/2025 | 8 | **FILING ERROR − SUMMONS REQUEST PDF ERROR −** REQUEST FOR ISSUANCE OF SUMMONS as to City of New York, re: 4 Complaint. Document filed by Theodore Bohn..(Bohn, Theodore) Modified on 1/10/2025 (jgo). (Entered: 01/09/2025) |
| 01/10/2025 | | *****NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Theodore R. Bohn to RE−FILE Document No. 8 Request for Issuance of Summons. The filing is deficient for the following reason(s): the PDF attached to the docket entry for the issuance of summons is not correct; the date field on the official A.O. Summons form was completed by the attorney; the Signature of Clerk on the official A.O. Summons form was completed by the attorney. Re−file the document using the event type Request for Issuance of Summons found under the event list Service of Process − select the correct filer/filers − and attach the correct summons form PDF. (jgo)** (Entered: 01/10/2025) |
| 01/11/2025 | 9 | **FILING ERROR − PDF ERROR** REQUEST FOR ISSUANCE OF SUMMONS as to City of New York, re: 4 Complaint. Document filed by Theodore Bohn..(Bohn, Theodore) Modified on 1/13/2025 (gp). (Entered: 01/11/2025) |
| 01/13/2025 | | *****NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Theodore R. Bohn to RE−FILE Document No. 9 Request for Issuance of Summons. The filing is deficient for the following reason(s): the PDF attached to the docket entry for the issuance of summons is not correct (the case number on the PDF is not correct). Re−file the document using the event type Request for Issuance of Summons found under the event list Service of Process − select the correct filer/filers − and attach the correct summons form PDF. (gp)** (Entered: 01/13/2025) |
| 01/14/2025 | 10 | REQUEST FOR ISSUANCE OF SUMMONS as to City of New York, re: 4 Complaint. Document filed by Theodore Bohn..(Bohn, Theodore) (Entered: 01/14/2025) |
| 01/15/2025 | 11 | ELECTRONIC SUMMONS ISSUED as to City of New York..(jgo) (Entered: 01/15/2025) |
| 02/03/2025 | 12 | LETTER MOTION for Extension of Time to File Answer *respectfully requesting an enlargement of time to answer or otherwise respond to the Complaint until April 6, 2025* addressed to Magistrate Judge Gary Stein from Inna Shapovalova dated February 3, 2025. Document filed by City of New York..(Shapovalova, Inna) (Entered: 02/03/2025) |
| 02/04/2025 | 13 | LETTER addressed to Magistrate Judge Gary Stein from Theodore Bohn dated February 4, 2025 re: Defendant's Extension Request. Document filed by Theodore Bohn..(Bohn, Theodore) (Entered: 02/04/2025) |
| 02/05/2025 | 14 | ORDER granting 12 Letter Motion for Extension of Time to Answer re 1 Complaint,. Having considered this request and Plaintiff's response thereto (Dkt. No. 13), the Court finds an extension is warranted and the parties shall adhere to the deadlines set forth below. The Office of Muriel Goode−Trufant, Corporation Counsel for the City of New York ("Corporation Counsel"), shall ascertain the identity and badge number of each John or Jane Doe whom Plaintiff seeks to sue here, to the extent the Complaint supplies sufficient information to do so, and provide a service address for these individuals in the event Corporation Counsel declines to waive service on their behalf. Corporation Counsel shall provide this information to Plaintiff and the Court by April 7, 2025. Within 30 days of receiving this information, and no later than May 7, 2025, Plaintiff shall file an amended complaint naming the newly identified individuals as defendants. The amended complaint will replace, not supplement, the original complaint. In light of these directions, the deadline for the City to answer or otherwise respond to Plaintiffs Complaint is hereby extended sine die. SO ORDERED. (Signed by Magistrate Judge Gary Stein on 2/5/2025) (tg) (Entered: 02/05/2025) |
| 02/05/2025 | | Set/Reset Deadlines: Amended Pleadings due by 5/7/2025. (tg) (Entered: 02/05/2025) |
| 04/07/2025 | 15 | LETTER addressed to Magistrate Judge Gary Stein from Inna Shapovalova dated April 7, 2025 re: respectfully writing to respond to the Court's February 5, 2025 Valentin Order. Document filed by City of New York..(Shapovalova, Inna) (Entered: 04/07/2025) |

| | | |
|---|---|---|
| 04/08/2025 | 16 | LETTER addressed to Magistrate Judge Gary Stein from Theodore Bohn dated April 8, 2025 re: ECF 15. Document filed by Theodore Bohn..(Bohn, Theodore) (Entered: 04/08/2025) |
| 04/10/2025 | 17 | MEMO ENDORSEMENT on re: 15 Letter filed by City of New York. ENDORSEMENT: Having considered this letter and Plaintiff's response (Dkt. No. 16), the Court finds it inappropriate to further delay the progress of this case to allow the City more time to attempt to identify the John and Jane Doe Defendants. Accordingly, the City is directed to answer or otherwise respond to Plaintiff's Complaint by no later than April 28, 2025. As Plaintiff notes, although he is representing himself in this action, he is an attorney admitted to practice in New York. This is not the paradigmatic situation in which a plaintiff is in need of a Valentin order, and Plaintiff has not requested such relief. SO ORDERED. City of New York answer due 4/28/2025. (Signed by Magistrate Judge Gary Stein on 4/10/2025) (tg) (Entered: 04/10/2025) |
| 04/24/2025 | 18 | LETTER addressed to Judge Paul A. Engelmayer from Inna Shapovalova dated April 24, 2025 re: respectfully writing to request that the Court endorse a proposed briefing schedule for defendant Citys anticipated motion to dismiss. Document filed by City of New York..(Shapovalova, Inna) (Entered: 04/24/2025) |
| 04/25/2025 | 19 | AFFIDAVIT OF SERVICE of Defendant City of New Yorks letter dated April 24, 2025 requesting that the Court endorse a proposed briefing schedule for defendant Citys anticipated motion to dismiss served on Theodore Bohn on April 24, 2025; April 25, 2025. Service was made by Mail and E−Mail. Document filed by City of New York..(Shapovalova, Inna) (Entered: 04/25/2025) |
| 04/27/2025 | 20 | LETTER addressed to Judge Paul A. Engelmayer from Theodore Bohn dated April 27, 2025 re: Opposition to Defendant's Letter. Document filed by Theodore Bohn..(Bohn, Theodore) (Entered: 04/27/2025) |
| 04/28/2025 | 21 | MEMO ENDORSEMENT on re: 18 Letter, filed by City of New York. ENDORSEMENT: Application is granted in part and denied in part. The City's request to set a briefing schedule ignores the Court's April 10, 2025 Order directing the City to answer or otherwise respond to Plaintiff's Complaint by no later than April 28, 2025 (Dkt. No. 17). Under that Order, the City's response is due today, April 28, 2025, and if Defendant is planning on moving to dismiss the Complaint, it should have begun preparing its papers when it received the Court's Order (if not before). Nevertheless, construing the City's letter to request an extension of its time to answer or otherwise respond to Plaintiff's Complaint, the Court grants a limited extension of one week. The City shall answer or otherwise respond to Plaintiff's Complaint by no later than May 5, 2025. SO ORDERED. City of New York answer due 5/5/2025. (Signed by Magistrate Judge Gary Stein on 4/28/2025) (jjc) (Entered: 04/28/2025) |
| 05/05/2025 | 22 | MOTION to Dismiss . Document filed by City of New York..(Shapovalova, Inna) (Entered: 05/05/2025) |
| 05/05/2025 | 23 | NOTICE of Notice of Local Civil Rule 12.1 to Pro Se Litigants re: 22 MOTION to Dismiss .. Document filed by City of New York..(Shapovalova, Inna) (Entered: 05/05/2025) |
| 05/05/2025 | 24 | MEMORANDUM OF LAW in Support re: 22 MOTION to Dismiss . . Document filed by City of New York..(Shapovalova, Inna) (Entered: 05/05/2025) |
| 05/06/2025 | 25 | ORDER: Accordingly, it is hereby ORDERED that plaintiff shall file any amended complaint by May 26, 2025. No further opportunities to amend will ordinarily be granted. If plaintiff does amend, by June 16, 2025, defendants shall: ( 1) file an answer; (2) file a new motion to dismiss; or (3) submit a letter to the Court, copying plaintiff, stating that defendants rely on the previously filed motion to dismiss. It is further ORDERED that if no amended complaint is filed, plaintiff shall serve any opposition to the motion to dismiss by May 26, 2025. A reply from defendants shall be served by June 9, 2025. At the time any reply is served, the moving party shall supply the Court with a courtesy copy of all motion papers by attaching them as PDF files to a single email addressed to EngelmayerNYSDChambers@nysd.uscourts.gov. SO ORDERED.( Amended Pleadings due by 5/26/2025., Motions due by 6/16/2025.) (Signed by Judge Paul A. Engelmayer on 5/5/2025) (tg) (Entered: 05/06/2025) |

| | | |
|---|---|---|
| 05/22/2025 | 26 | LETTER addressed to Judge Paul A. Engelmayer from Theodore Bohn dated May 22, 2025 re: Enlargement of Time. Document filed by Theodore Bohn..(Bohn, Theodore) (Entered: 05/22/2025) |
| 05/22/2025 | 27 | MEMO ENDORSEMENT on re: 26 Letter filed by Theodore Bohn. ENDORSEMENT: GRANTED. SO ORDERED. (Signed by Judge Paul A. Engelmayer on 5/22/2025) (mml) (Entered: 05/23/2025) |
| 06/25/2025 | 28 | LETTER MOTION for Extension of Time addressed to Judge Paul A. Engelmayer from Theodore Bohn dated June 25, 2025., LETTER MOTION for Extension of Time to Amend addressed to Judge Paul A. Engelmayer from Theodore Bohn dated June 25, 2025. Document filed by Theodore Bohn..(Bohn, Theodore) (Entered: 06/25/2025) |
| 06/26/2025 | 29 | ORDER granting 28 Letter Motion for Extension of Time; granting 28 Letter Motion for Extension of Time to Amend. GRANTED. SO ORDERED. (Signed by Judge Paul A. Engelmayer on 6/26/2025) (tg) (Entered: 06/26/2025) |
| 07/23/2025 | 30 | LETTER addressed to Judge Paul A. Engelmayer from Theodore Bohn dated July 23, 2025 re: Extension of time. Document filed by Theodore Bohn..(Bohn, Theodore) (Entered: 07/23/2025) |
| 07/24/2025 | 31 | MEMO ENDORSEMENT on re: 30 Letter filed by Theodore Bohn ENDORSEMENT: GRANTED. Plaintiff should not expect further extensions, absent extraordinary circumstances. SO ORDERED. (Signed by Judge Paul A. Engelmayer on 7/24/2025) (jca) (Entered: 07/24/2025) |
| 08/08/2025 | 32 | AMENDED COMPLAINT amending 4 Complaint against ABC, City of New York, Jane Doe 1−10, John Doe 1−50 with JURY DEMAND.Document filed by Theodore Bohn. Related document: 4 Complaint..(Bohn, Theodore) (Entered: 08/08/2025) |
| 08/15/2025 | 33 | ORDER: For avoidance of doubt, it is hereby ORDERED that, by August 29, 2025, defendants shall: (1) file an answer; (2) file a new motion to dismiss; or (3) submit a letter to the Court, copying plaintiff, stating that they rely on the previously filed motion to dismiss. At the time any reply is served, the moving party shall supply the Court with two (2) courtesy copies of all motion papers by mailing or delivering them to the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York 10007. SO ORDERED. City of New York answer due 8/29/2025; Jane Doe 1−10 answer due 8/29/2025; John Doe 1−50 answer due 8/29/2025.( Motions due by 8/29/2025.) (Signed by Judge Paul A. Engelmayer on 8/15/2025) (tg) (Entered: 08/15/2025) |
| 08/29/2025 | 34 | NOTICE OF APPEARANCE by Shreya Krishnamurthy on behalf of City of New York..(Krishnamurthy, Shreya) (Entered: 08/29/2025) |
| 08/29/2025 | 35 | MOTION to Dismiss *the Amended Complaint*. Document filed by City of New York..(Krishnamurthy, Shreya) (Entered: 08/29/2025) |
| 08/29/2025 | 36 | NOTICE of Local Civil Rule 12.1 to Pro Se Litigants re: 35 MOTION to Dismiss *the Amended Complaint*.. Document filed by City of New York..(Krishnamurthy, Shreya) (Entered: 08/29/2025) |
| 08/29/2025 | 37 | MEMORANDUM OF LAW in Support re: 35 MOTION to Dismiss *the Amended Complaint*. . Document filed by City of New York..(Krishnamurthy, Shreya) (Entered: 08/29/2025) |
| 09/17/2025 | 38 | LETTER addressed to Judge Paul A. Engelmayer from Theodore Bohn dated September 17, 2025 re: Opposing Papers. Document filed by Theodore Bohn..(Bohn, Theodore) (Entered: 09/17/2025) |
| 09/18/2025 | 39 | MEMO ENDORSEMENT on re: 38 Letter filed by Theodore Bohn. ENDORSEMENT: GRANTED. Plaintiff's deadline to oppose defendant's motion to dismiss is extended to September 22, 2025. Defendant's deadline to reply is extended to October 6, 2025. SO ORDERED. ( Responses due by 9/22/2025, Replies due by 10/6/2025.) (Signed by Judge Paul A. Engelmayer on 9/18/2025) (tg) (Entered: 09/18/2025) |
| 09/22/2025 | 40 | LETTER addressed to Judge Paul A. Engelmayer from Theodore Bohn dated September 22, 2025 re: Extension. Document filed by Theodore Bohn..(Bohn, Theodore) (Entered: 09/22/2025) |

| | | |
|---|---|---|
| 09/24/2025 | 41 | MEMO ENDORSEMENT on re: 40 Letter filed by Theodore Bohn. ENDORSEMENT: GRANTED. Plaintiff's deadline to oppose defendant's motion to dismiss is extended, nunc pro tune, to September 26, 2025. Defendant's deadline to reply is extended to October 10, 2025. Plaintiff should not expect further extensions, absent extraordinary circumstances. SO ORDERED. ( Responses due by 9/26/2025, Replies due by 10/10/2025.) (Signed by Judge Paul A. Engelmayer on 9/24/2025) (tg) (Entered: 09/24/2025) |
| 09/28/2025 | 42 | MEMORANDUM OF LAW in Opposition re: 35 MOTION to Dismiss *the Amended Complaint*. . Document filed by Theodore Bohn..(Bohn, Theodore) (Entered: 09/28/2025) |
| 09/28/2025 | 43 | LETTER addressed to Judge Paul A. Engelmayer from Theodore Bohn dated September 28, 2025 re: Plaintiff's Brief in Opposition. Document filed by Theodore Bohn..(Bohn, Theodore) (Entered: 09/28/2025) |
| 09/30/2025 | 44 | MEMO ENDORSEMENT on re: 43 Letter filed by Theodore Bohn. ENDORSEMENT: GRANTED. Plaintiff's deadline to file his opposition to defendants' motion to dismiss is extended, nunc pro tunc, to September 28, 2025. In light of this extension, the Court sua sponte extends defendants' deadline to reply to October 14, 2025. SO ORDERED. ( Responses due by 9/28/2025, Replies due by 10/14/2025.) (Signed by Judge Paul A. Engelmayer on 9/30/2025) (tg) (Entered: 09/30/2025) |
| 10/09/2025 | 45 | LETTER MOTION for Extension of Time to File Response/Reply *in Further Support of Defendant City's Motion to Dismiss the Amended Complaint* addressed to Judge Paul A. Engelmayer from City of New York dated 10/9/25. Document filed by City of New York..(Krishnamurthy, Shreya) (Entered: 10/09/2025) |
| 10/10/2025 | 46 | ORDER granting 45 Letter Motion for Extension of Time to File Response/Reply.GRANTED. SO ORDERED. Replies due by 11/3/2025. (Signed by Judge Paul A. Engelmayer on 10/10/2025) (tg) (Entered: 10/10/2025) |
| 11/03/2025 | 47 | REPLY MEMORANDUM OF LAW in Support re: 35 MOTION to Dismiss *the Amended Complaint*. . Document filed by City of New York..(Krishnamurthy, Shreya) (Entered: 11/03/2025) |
| 12/23/2025 | 48 | LETTER addressed to Judge Paul A. Engelmayer from Theodore Bohn dated December 23, 2025 re: Dismissal of Claims. Document filed by Theodore Bohn..(Bohn, Theodore) (Entered: 12/23/2025) |
| 01/02/2026 | 49 | STIPULATION OF VOLUNTARY DISMISSAL It is hereby stipulated and agreed by and between the parties and/or their respective counsel(s) that the above−captioned action is voluntarily dismissed, without prejudice against the defendant(s) City of New York and without costs pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. Document filed by Theodore Bohn. **Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers).**..(Bohn, Theodore) (Entered: 01/02/2026) |
| 01/02/2026 | 50 | STIPULATION: PURSUANT TO F.R.Civ.P. 41(a), Plaintiff hereby voluntarily dismisses the Second and Fourth Counts of the First Amended Complaint [both sounding under 42 U.S.C. Section 1985(3)], leaving only the First and Third Counts (sounding under 42 U.S.C. section 1983). So Ordered. (Signed by Judge Paul A. Engelmayer on 1/2/2026) (tg) (Entered: 01/02/2026) |
| 01/02/2026 | 51 | LETTER addressed to Judge Paul A. Engelmayer from Shreya Krishnamurthy dated January 2, 2026 re: respectfully writing to inform the Court that sixty (60) days have passed since Defendant City's motion to dismiss was fully briefed, in accordance with Your Honor's Individual Rules and Practices. Document filed by City of New York..(Krishnamurthy, Shreya) (Entered: 01/02/2026) |
| 03/23/2026 | 52 | OPINION & ORDER re: 35 MOTION to Dismiss *the Amended Complaint*. filed by City of New York. For the above reasons, the Court grants the City' s motion to dismiss the remaining counts in the AC, with prejudice and without leave to amend, for failure to state a claim under Rule 12(b)(6). The Court respectfully directs the Clerk of Court to mail a copy of this decision to Bohn at the address on file; terminate all pending motions; and close this case. SO ORDERED. (Signed by Judge Paul A. Engelmayer on 3/23/2026) (ar) (Entered: 03/23/2026) |

| | | |
|---|---|---|
| 04/20/2026 | 53 | MOTION to Vacate 52 Memorandum & Opinion,, . Document filed by Theodore Bohn. (Attachments: # 1 Affidavit Declaration of Plaintiff, # 2 Affidavit Declaration of Naomi Green, # 3 Affidavit Declaration, # 4 Affidavit Declaration).(Bohn, Theodore) (Entered: 04/20/2026) |
| 04/20/2026 | 54 | MOTION to Vacate 52 Memorandum & Opinion,, . Document filed by Theodore Bohn..(Bohn, Theodore) (Entered: 04/21/2026) |
| 04/21/2026 | 55 | LETTER addressed to Judge Paul A. Engelmayer from Theodore Bohn dated April 21, 2026 re: Oral Argument. Document filed by Theodore Bohn..(Bohn, Theodore) (Entered: 04/21/2026) |
| 04/21/2026 | 56 | LETTER addressed to Clerk of Court from Theodore Bohn dated 4/17/26 re: Letter supporting the filing of a flashdrive containing videographic evidence in connection with the plaintiff's forthcoming motion purs to F. R. Civ. P. 59(e). Document filed by Theodore Bohn.(vb) (Entered: 04/24/2026) |
| 05/06/2026 | 57 | LETTER RESPONSE in Opposition to Motion addressed to Judge Paul A. Engelmayer from Shreya Krishnamurthy dated May 6, 2026 re: 54 MOTION to Vacate 52 Memorandum & Opinion,, ., 53 MOTION to Vacate 52 Memorandum & Opinion,, . *respectfully writing in opposition to plaintiff's motion to vacate the Court's Opinion and Order dated March 23, 2026*. Document filed by City of New York..(Krishnamurthy, Shreya) (Entered: 05/06/2026) |
| 05/12/2026 | 58 | LETTER addressed to Judge Paul A. Engelmayer from Theodore Bohn dated May 12, 2026 re: Extension of time. Document filed by Theodore Bohn..(Bohn, Theodore) (Entered: 05/12/2026) |
| 05/14/2026 | 59 | MEMO ENDORSEMENT on re: 58 Letter filed by Theodore Bohn. ENDORSEMENT: GRANTED. SO ORDERED. ( Responses due by 5/20/2026) (Signed by Judge Paul A. Engelmayer on 5/14/2026) (tg) (Entered: 05/14/2026) |
| 05/20/2026 | 60 | REPLY AFFIRMATION of Theodore Bohn in Support re: 54 MOTION to Vacate 52 Memorandum & Opinion,, ., 53 MOTION to Vacate 52 Memorandum & Opinion,, .. Document filed by Theodore Bohn..(Bohn, Theodore) (Entered: 05/20/2026) |
| 05/20/2026 | 61 | REPLY MEMORANDUM OF LAW in Support re: 54 MOTION to Vacate 52 Memorandum & Opinion,, ., 53 MOTION to Vacate 52 Memorandum & Opinion,, . . Document filed by Theodore Bohn..(Bohn, Theodore) (Entered: 05/20/2026) |
| 07/13/2026 | 62 | LETTER MOTION for Leave to File Excess Pages addressed to Judge Paul A. Engelmayer from Theodore Bohn dated July 13, 2026. Document filed by Theodore Bohn..(Bohn, Theodore) (Entered: 07/13/2026) |
| 07/14/2026 | 63 | MOTION to Disqualify Judge . Document filed by Theodore Bohn..(Bohn, Theodore) (Entered: 07/14/2026) |
| 07/15/2026 | 64 | ORDER denying 62 Letter Motion for Leave to File Excess Pages. DENIED. Bohn has not adequately justified an expansion of the page limit set by the Court's Individual Rule 3(C). The Court hereby warns Bohn that any pages in excess of the 25−page limit for memoranda of law, see id., will therefore be stricken. SO ORDERED. (Signed by Judge Paul A. Engelmayer on 7/15/2026) (jca) (Entered: 07/15/2026) |
| 07/16/2026 | 65 | MOTION to Disqualify Judge . Document filed by Theodore Bohn..(Bohn, Theodore) (Entered: 07/16/2026) |
| 07/17/2026 | 66 | ORDER: The Court hereby sets a briefing schedule for plaintiffs disqualification motion, filed yesterday at docket 65: By July 30, 2026, defendants shall file their opposition. By August 6, 2026, plaintiff shall file any reply. SO ORDERED. (Replies due by 8/6/2026., Responses due by 7/30/2026) (Signed by Judge Paul A. Engelmayer on 7/17/2026) (jca) (Entered: 07/17/2026) |
| 07/27/2026 | 67 | ORDER denying 53 Motion to Vacate ; denying 54 Motion to Vacate. For the above reasons, the Court denies Bohn's motion. The Clerk of Court is respectfully directed to mail a copy of this Order to Bohn at the address on file, and terminate the pending motions at dockets 53 and 54. (Signed by Judge Paul A. Engelmayer on 7/27/2026) (rro) (Entered: 07/27/2026) |

| | | |
|---|---|---|
| 07/29/2026 | 68 | NOTICE OF APPEAL from 67 Order on Motion to Vacate,,, 52 Memorandum & Opinion,,. Document filed by Theodore Bohn. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Attachments: # 1 Exhibit Order of March 23, # 2 Exhibit Order of July 27).(Bohn, Theodore) (Entered: 07/29/2026) |
| 07/30/2026 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 68 Notice of Appeal. (tp) (Entered: 07/30/2026) |
| 07/30/2026 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 68 Notice of Appeal, filed by Theodore Bohn were transmitted to the U.S. Court of Appeals. (tp) (Entered: 07/30/2026) |
| 07/30/2026 | | Appeal Fee Paid electronically via Pay.gov: for 68 Notice of Appeal. Filing fee $ 605.00. Pay.gov receipt number ANYSDC−33212192, paid on 7/29/2026. (tp) (Entered: 07/30/2026) |
| 07/30/2026 | | *****DELETED DOCUMENT. Deleted document number Appeal Fee Due. The document was incorrectly filed in this case. (tp)** (Entered: 07/30/2026) |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THEODORE BOHN,<br><br>Plaintiff,<br><br>-v-<br><br>THE CITY OF NEW YORK, JOHN DOE 1–50, JANE DOE 1–10, A, B, *and* C,<br><br>Defendants. | 24 Civ. 9283 (PAE) (GS)<br><br>OPINION & ORDER |

PAUL A. ENGELMAYER, District Judge:

This case involves claims by *pro se* plaintiff Theodore Bohn, a lawyer, under 42 U.S.C. § 1983. In brief, he alleges that numerous unidentified firefighters, police officers, and other emergency-services personnel have unlawfully surveilled and harassed him since the 1990s, in retaliation for a civil-rights lawsuit he had filed then on behalf of a client. Pending now is a motion to dismiss the Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), by defendant the City of New York (the "City"). For the following reasons, the Courts grants the motion.

## I. Factual Background[1]

### A. The Parties

[1] The Court draws the facts in this decision from the Amended Complaint ("AC") and the materials incorporated by reference in it. Dkt. 32; *see DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010) ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."). In resolving defendant's motion to dismiss under Rule 12(b)(6), the Court accepts all factual allegations in the AC as true and draws all reasonable inferences in Bohn's favor. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

Bohn is a gay man and civil-rights attorney who has practiced law for approximately 38 years. Dkt. 32 ("AC") ¶ 1. The City is a municipal corporation that encompasses the Fire Department of the City of New York ("FDNY") and New York City Police Department ("NYPD"). *Id.* ¶ 2. John Does 1–50 and Jane Does 1–10 are members of the FDNY or NYPD. *Id.* ¶¶ 3–4. Defendants "A," "B," and "C" are "corporate entities which may have had involvement in the complained of activity, but whose identities are presently unknown" to Bohn. *Id.* ¶ 5.

**B. The AC's Claims**

The AC alleges that, since the 1990s, a "criminal enterprise" "comprised of street gangs and pedophiles at one end, acting in concert with firemen, police, EMTs, and members of the Irish mafia at the other," has illegally surveilled and harassed Bohn in retaliation for representing "Sandra Stapen," an AIDS educator, in a civil-rights lawsuit against an FDNY firefighter. *Id.* ¶ 9 & n.4 (cleaned up).

In "the 1990s," Bohn represented Stapen in a lawsuit against "Finn," an FDNY firefighter who had assaulted Stapen. *Id.* ¶ 9. Bohn "prevailed on summary judgment" based on Finn's guilty plea in a related criminal case. *Id.* ¶ 13. Before trial on damages in the civil case, Finn verbally threatened Bohn by telephone. *Id.* ¶ 14. Finn defaulted on damages and judgment was entered against him. *Id.* ¶¶ 16–17.

Soon after, "strange things [] began to happen." *Id.* ¶ 19. Bohn "could barely walk a city block safely. Gang members would appear and be waiting at the next avenue. Travel by most forms of public transportation soon became a thing of the past; it has remained so ever since." *Id.* ¶ 18. For example:

- An "anti-gay thug" posed as a prospective client for Bohn. During an ostensible consultation, the sham client "repeatedly reached into a paper bag at his feet and then rapidly stood up." *Id.* ¶¶ 20–21.

- Fire alarms went off during Bohn's depositions and oral arguments. *Id.* ¶ 25.

- Bohn's office and home were burglarized, and evidence relevant to this lawsuit was stolen. *Id.*

- NYPD and FDNY vehicles, including ambulances, pursued Bohn, "sometimes shutting off their lights and sirens once they pull[ed] up alongside or over[took]" him. *Id.*

- "Dozens of cybercrimes" occurred. *Id.*

- Bohn experienced "relentless stalking" by "uniformed personnel" and vehicles with "decommissioned plates." *Id.*

- Bohn's gym locker was "broken into within minutes." *Id.* ¶ 26.

- A waiter "tossed silverware on the table where [Bohn] had just been seated at a restaurant on the Upper West Side." The restaurant manager accused Bohn of having stolen the waiter's tip, stating that a "fireman saw you do it." *Id.* ¶ 27.

- Bohn's mother left a shopping cart unattended and, when she returned, found that a box of condoms had been placed in it. *Id.* ¶ 29.

- NYPD officers repeatedly ticketed Bohn's vehicle. Once, Bohn returned to his vehicle with approximately four minutes of time left on the meter to find two NYPD vans idling nearby, "poised to issue a citation." *Id.* ¶ 30.

By 2002, as a result of these events, Bohn was forced to move from New York City to New Jersey. *Id.* ¶ 31. Between 2004 and 2012, however, he was stalked in Suffolk County in New York by "several firemen," including a "Robert Perez." *Id.* And firemen in New Jersey began "stalking" Bohn shortly after he moved there. *Id.* ¶ 32. "Rarely a day has passed since the early 2000s that firemen and confederates have not engaged in stalking, the use of lights and sirens without an underlying incident, or related criminal conduct." *Id.* ¶ 33 (cleaned up). For example:

- On March 3, 2003, Bohn "noticed a heavy white male" inside New York City Summons Court, who "kept opening and closing his hand." When Bohn notified a

court security officer, the officer spoke with the man and then stated, "There's no need to worry—he's a [plainclothes] police officer." The plainclothes officer walked out of the courthouse and "met then-FDNY Commissioner Cassano." When Bohn, acting under "a pretext," asked the officer for his name, the officer replied, "Fenford." In fact, this officer was "Timony Fenfert," "who would later be implicated in an NYPD conspiracy to frame adult gay men as prostitutes." *Id.* ¶¶ 38–39 (cleaned up).

- In February 2011, in New Jersey, a police van pulled Bohn over "with flashing lights and sirens," but did not issue him a ticket. Bohn recognized one of its occupants "from an incident in Manhattan." "Years later, through service of a subpoena," Bohn learned that the police van's license plate was associated with the sheriff's department in Essex County, New Jersey. *Id.* ¶¶ 40–47.

- On December 31, 2012, an unidentified man flirted with Bohn's then-boyfriend at a Manhattan restaurant, which "had the intended effect of causing discord between [Bohn] and [his] then-boyfriend." Later that day, Bohn saw a firefighter who had stalked him before. *Id.* ¶¶ 50–56 (cleaned up).

- In 2015, while waiting at a bus stop in Manhattan, Bohn saw a uniformed firefighter shake hands with the driver of an "undercover vehicle." An FDNY ladder truck then picked up the firefighter. Soon after, an unidentified individual "shoved" Bohn, and then he and his "confederates . . . ran off." Bohn believes this individual had, on another occasion, acted "as lookout" for a person who had slashed Bohn's tires. *Id.* ¶¶ 59–61.

- On June 23, 2016, Bohn was representing an individual in Brooklyn housing court, and saw FDNY employees enter the courthouse. Later that day, when Bohn traveled back to Manhattan by taxi, two FDNY ambulances—one with its emergency lights and siren activated, the other with only its emergency lights on—passed Bohn's taxi. Approximately two and a half weeks later, Bohn suffered a heart attack. *Id.* ¶¶ 62–65.

- On October 4, 2016, when Bohn left a cardiologist's office in Manhattan, he saw an ambulance and FDNY truck "waiting at the exit of the building." *Id.* ¶ 66.

- On December 6, 2021, a "particularly representative exemplar" of defendants' "surveillance and tracking of [Bohn's] location" occurred. While Bohn was meeting an individual for coffee in Manhattan, an FDNY ambulance, using its lights and sirens, parked nearby. But, according to FDNY's Freedom of Information Law unit, there is no record of any 911 call concerning this incident. *Id.* ¶¶ 67–69.

- On June 1, 2025, Bohn was driving to a community garden in New Jersey when he saw a large, white SUV with New Jersey firefighter insignia on its windshield. The vehicle did not have a front license plate and had "reflective film" over its rear plate. Shortly thereafter, the same vehicle appeared at the community garden. Approximately two weeks later, Bohn saw the same vehicle "speed off" from having been parked across the street from his home. *Id.* ¶¶ 79–81.

The AC brings two § 1983 claims: that defendants' alleged decades-long "surveillance," "stalking," and "pretextual use of lights and sirens" violate the First and Fourth Amendments. *Id.* ¶¶ 86–90, 95–98.[2]

**C. Relevant Procedural History**

On December 5, 2024, Bohn initiated this action. Dkts. 1, 4. On December 16, 2024, the Court referred the case to United States Magistrate Judge Gary Stein for general pretrial supervision. Dkt. 7. On May 5, 2025, the City moved to dismiss the original Complaint. Dkts. 22–24. On May 6, 2025, the Court ordered Bohn to file an amended complaint or oppose the motion to dismiss. Dkt. 25. On August 8, 2025, Bohn filed the AC, the operative complaint today. Dkt. 32. On August 29, 2025, the City filed this motion to dismiss. Dkts. 35–37. On September 28, 2025, Bohn opposed, untimely filing a 51-page brief. *See* Dkt. 42 ("Opp'n"). On November 3, 2025, the City replied. Dkt. 47. On January 2, 2026, Bohn filed a stipulation of voluntary dismissal as to the two § 1985 counts in the AC, leaving only the two § 1983 counts. Dkt. 50.

## II. Applicable Legal Standards Under Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is properly dismissed where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief."

---

[2] The AC brought two other claims, both under § 1985(3), but Bohn has voluntarily dismissed these. Dkt. 50 (stipulation of voluntary dismissal).

*Twombly*, 550 U.S. at 558. In resolving a motion to dismiss, the Court must assume all well-pleaded facts to be true, "drawing all reasonable inferences in favor of the plaintiff." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012). That tenet, however, does not apply to legal conclusions. *See Iqbal*, 556 U.S. at 678. Pleadings that offer only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "A court may dismiss a claim as 'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).

## III. Discussion

The Court first addresses whether Bohn, as a lawyer proceeding *pro se*, is entitled to the solicitude that would ordinarily be accorded *pro se* litigants. The Court then evaluates whether the AC states plausible claims under § 1983. Finding that it does not, the Court lastly decides whether to grant Bohn leave to amend his pleading again.

### A. Special Solicitude

A court must construe a *pro se* litigant's submissions liberally and interpret them to raise the strongest arguments they suggest. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (citation omitted). However, "a lawyer representing himself ordinarily receives no such solicitude at all." *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010).

Bohn is an attorney currently registered in New York. *See* AC ¶ 1 (self-describing as "civil rights attorney who has been practicing [law] for almost thirty-eight years"); *see also id.*

¶¶ 13–17, 37, 40, 62 (referencing Bohn's court appearances).[3] His opposition to this motion states: "Plaintiff has neither requested, nor requires the special deference accorded *Pro Se* litigants. I have been admitted to practice for 37 years. I am an experienced litigator. I expect my pleading to be evaluated under the same standard applicable to pleadings filed by represented parties." Opp'n at 5 n.1.

The Court thus does not liberally construe the AC or Bohn's pleadings.[4] *See, e.g.*, *Harbulak v. Suffolk Cnty.*, 654 F.2d 194, 198 (2d Cir. 1981) (no special solicitude for lawyer representing himself); *McNaughton v. de Blasio*, No. 14 Civ. 221, 2015 WL 468890, at *4 (S.D.N.Y. Feb. 4, 2015) (same), *aff'd*, 644 F. App'x 32 (2d Cir. 2016) (summary order); *Manchanda v. Reardon*, No. 23 Civ. 9292, 2024 WL 382116, at *4 (S.D.N.Y. Feb. 1, 2024) (same), *appeal dismissed*, 2024 WL 4196867 (2d Cir. Aug. 14, 2024), *cert. denied*, 145 S. Ct. 548 (2024).

### B. The AC's § 1983 Claims

The AC brings two § 1983 claims: that defendants' alleged decades-long surveillance, stalking, and "pretextual use of lights and sirens" violate, respectively, the First and Fourth Amendments. AC ¶¶ 86–90, 95–98. The City argues that the AC fails to state a claim, under Rule 12(b)(6).[5] The City is correct.

---

[3] The Court has independently confirmed, via the publicly available attorney-search function of the New York state court system, that Bohn is actively registered as of this decision.

[4] For the reasons stated below, even if the Court had accorded Bohn the solicitude due a non-lawyer *pro se* litigant, the AC does not state a viable claim.

[5] The City also argues that the AC (1) does not comply with Rule 8's requirement of "a short and plain statement" showing entitlement to relief, and (2) relies on time-barred allegations. These arguments are substantial, but the Court, in light of its holding that the AC does not state a plausible claim, does not reach them.

"A municipality cannot be made liable under § 1983 by application of the doctrine of *respondeat superior*, but rather the plaintiff must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the alleged injury." *Lucente v. County of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020) (cleaned up); *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "[T]o hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (quoting *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983)).

There are four ways to establish the existence of an official policy or custom—the first element of a *Monell* claim. A plaintiff may plead that the constitutional violation was caused by:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees.

*Brandon v. City of New York*, 705 F. Supp. 2d 261, 276–77 (S.D.N.Y. 2010) (citation omitted).

The AC here claims that Bohn's interactions with firefighters and police officers in New York and New Jersey during the past 30-some years reflect a nefarious conspiracy by the FDNY and NYPD to stalk and harass him. It claims that this campaign is in retaliation for his having represented, in the 1990s, an AIDS educator in a civil lawsuit against an FDNY firefighter who had assaulted her. Taking all non-conclusory allegations as true, the Court finds that the AC does not plausibly claim a violation of either the First or Fourth Amendment, or that the City had

an official policy or custom of violating such constitutional rights, as required for *Monell* claims to survive a motion to dismiss.

The AC's leaps of logic are plainly delusional. Some of its allegations are of quotidian occurrences: *e.g.*, seeing first responders drive in Manhattan with their vehicles' sirens and emergency lights on; receiving parking tickets and observing traffic-enforcement officers prepare to issue these when meters ran low; hearing firefighters talking with police officers; being inconvenienced by fire alarms going off at inopportune times; and seeing FDNY ambulances parked in Manhattan. *See, e.g.*, AC ¶¶ 25, 30, 33, 64–66. Others are of "strange," isolated events: *e.g.*, Bohn's mother finding a box of condoms in her shopping cart that she did not place there; the reappearance of unidentified individuals who had earlier surveilled Bohn; and an unknown person "shoving" Bohn near a bus stop in Manhattan. *Id.* ¶¶ 29, 61, 79–81. But, even taken as true that these events occurred over multiple decades, it is purely conjectural that these were part of an unlawful conspiracy by the FDNY and NYPD to retaliate against Bohn for his having brought a civil-rights lawsuit some 30 years ago. The AC's leap to these conclusions is manifestly fanciful. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989) ("federal district judges are all too familiar" with "claims describing fantastic or delusional scenarios").

Indeed, in similar cases, courts in this District have dismissed *Monell* claims, brought by *pro se* attorneys, alleging that random occurrences bespoke conspiracies by state actors to violate the Constitution. *See, e.g.*, *McNaughton*, 2015 WL 468890, at *1, 6–10; *Manchanda*, 2024 WL 382116, at *4, 10–11. Courts in this Circuit commonly dismiss similarly delusional claims. *See, e.g.*, *Arcamone v. Kopnisky*, 857 F. App'x 694, 697 (2d Cir. 2021) (summary order) (affirming dismissal where *pro se* plaintiff's allegations were "factually frivolous, rising to the level of the irrational or the wholly incredible" (cleaned up)); *Bey v. Ponte*, No. 17 Civ. 3476,

2017 WL 4075177, at *1, 3–4 (E.D.N.Y. Sept. 13, 2017) (dismissing "delusional" claims by *pro se* plaintiff, alleging ostensible campaign of retaliatory "organized stalking"); *Campbell v. Columbia Univ.*, No. 22 Civ. 10164, 2023 WL 6038024, at *3–4, 7–8 (S.D.N.Y. Sept. 15, 2023) (dismissing *pro se* plaintiff's "fanciful" claims concerning "far-reaching conspiracy").

The Court thus holds that the AC's § 1983 claims do not plausibly state a claim, under Rule 12(b)(6). *See, e.g.*, *Arcamone*, 857 F. App'x at 697; *McNaughton*, 2015 WL 468890, at *1, 6–10; *Manchanda*, 2024 WL 382116, at *4, 10–11.[6]

**C. Leave to Amend**

The AC states that it "will necessarily have to undergo successive amendment(s) . . . as discovery progresses," AC ¶ 6, although Bohn's opposition does not seek leave to amend. Bohn has already had, and taken, the opportunity to amend his original complaint in response to the City's motion to dismiss. Further amendment would be futile because neither the AC nor Bohn's opposition—which ran 51 pages, violating Local Civil Rule 7.1(c) and the Court's Individual Rule 3(C)—identifies allegations sufficient for any of his claims to survive. *See, e.g.*, *Manchanda*, 2024 WL 382116, at *12 (dismissing *pro se* lawyer's amended complaint and denying leave to amend as futile); *McNaughton*, 2015 WL 468890, at *16 (same); *see also Arcamone*, 857 F. App'x at 697 (affirming dismissal of *pro se* plaintiff's "irrational allegations" without leave to amend because such would have been futile); *Campbell*, 2023 WL 6038024, at *8 (similar).

---

[6] The Court also dismisses the AC's § 1983 claims against the non-City defendants: to wit, all John and Jane Does, and unidentified corporate entities "A," "B," and "C." For the reasons stated above, the AC does not plausibly state any constitutional violations by these to trigger liability under § 1983—nor have any of these individuals and entities been served. *See, e.g.*, *Bey*, 2017 WL 4075177, at *4 (dismissing claims against unserved, unidentified defendants in § 1983 action by *pro se* plaintiff who had alleged baseless stalking conspiracy).

## CONCLUSION

For the above reasons, the Court grants the City's motion to dismiss the remaining counts in the AC, with prejudice and without leave to amend, for failure to state a claim under Rule 12(b)(6). The Court respectfully directs the Clerk of Court to mail a copy of this decision to Bohn at the address on file; terminate all pending motions; and close this case.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: March 23, 2026
New York, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THEODORE BOHN,<br><br>Plaintiff,<br><br>-v-<br><br>THE CITY OF NEW YORK, JOHN DOE 1–50, JANE DOE 1–10, A, B, *and* C,<br><br>Defendants. | 24 Civ. 9283 (PAE) (GS)<br><br><u>ORDER</u> |

PAUL A. ENGELMAYER, District Judge:

On March 23, 2026, the Court dismissed with prejudice the Amended Complaint ("AC") of plaintiff Theodore Bohn, a lawyer proceeding *pro se*, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. 52 ("Decision"). Bohn now moves to vacate or alter the Decision pursuant to Rule 59(e). Dkts. 53–54, 60–61. Defendant City of New York (the "City") opposes. Dkt. 57.

For the following reasons, the Courts denies the motion.

## I. Background

The Court assumes familiarity with this case. In brief, the AC alleged that numerous unidentified firefighters, police officers, and other emergency-services personnel have unlawfully surveilled and harassed Bohn since the 1990s, in retaliation for a civil-rights lawsuit he had filed on behalf of a client. Decision at 1.

The Decision found that Bohn, as a practicing attorney, was not entitled to the special solitude due non-attorney *pro se* litigants. *Id.* at 6–7. It held that the AC's claims of a large-scale conspiracy—comprised, as the pleading put it, of "street gangs and pedophiles at one end,

acting in concert with firemen, police, EMTs, and members of the Irish mafia at the other"—failed to state a claim under § 1983 and *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), pursuant to Rule 12(b)(6). *Id.* at 2, 10 (quoting AC ¶ 9 & n.4). The Decision likened the AC to those in numerous cases in this District and others dismissing similarly "delusional" claims. *Id.* at 9–10 (quoting, among other cases, *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)).

## II. Applicable Legal Standard

Under Rule 59(e), a movant must identify an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *See Salamone v. Douglas Marine Corp.*, 111 F.4th 221, 232 (2d Cir. 2024); *Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020). "Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998); *accord Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). Rather, "the standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

## III. Discussion

Bohn argues that relief under Rule 59(e) is warranted on multiple grounds. The Decision, he argues, (1) misrepresented the AC's pleadings; (2) relied on a credibility determination as to Bohn; (3) did not adequately address Bohn's arguments opposing the City's motion to dismiss; (4) cited distinguishable cases; (5) did not take into account that discovery against the City would not be unduly burdensome; (6) used inappropriately harsh language by terming the AC's inferences "delusional"; and (7) erred in dismissing the AC's *Monell* claims. *See* Dkts. 54

("Mem."), 61 ("Reply"). Bohn attached two declarations and multiple exhibits, including videos ostensibly reflecting certain incidents alleged in the AC. *See* Dkts. 53, 60.

The motion and the materials it attached do not identify an intervening change in controlling law.[1] To the contrary, they largely attempt to re-litigate issues the Court has already decided. And, to the extent they seek to introduce new evidence—*e.g.*, videos ostensibly reflecting incidents alleged in the AC; a declaration by a former client of Bohn's, attesting to his generosity and an innocuous interaction with an NYPD officer who, according to Bohn, had been following him; and statistics reflecting "Anti-LGBT Victimization in the United States"—such does not supply grounds for reconsideration or correction of any ostensible clear error or manifest injustice in the Decision.

**CONCLUSION**

For the above reasons, the Court denies Bohn's motion. The Clerk of Court is respectfully directed to mail a copy of this Order to Bohn at the address on file, and terminate the pending motions at dockets 53 and 54.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: July 27, 2026
New York, New York

---

[1] For the reasons stated in the Decision, Bohn, as a practicing attorney, on this motion remains not entitled to the special solicitude due non-lawyer *pro se* litigants.

ADDENDUM B TO FORM C

ISSUES TO BE PRESENTED ON APPEAL

1. Was the District Court authorized to take the unprecedented step of rewriting Plaintiff's facts as pled in the context of a F.R.Civ.P. 12(b)(6) motion?

Applicable Standard of Review

[A] De Novo review

2. Was the Court permitted to disregard the veracity of evidentiary (as opposed to propositional) factual averments as required under F.R.Civ.P. 12(b)(6)?

Applicable Standard of Review

[A} De Novo review

3. Was the court permitted to evaluate the sufficiency of Plaintiff's factual averments without regard to the elements necessary to state a cause of action?

Applicable Standard of Review

[A] De Novo Review

4. Was the court's failure to discuss the elements associated with Plaintiff's causes of action, plain error?

Applicable Standard of Review

[A] De Novo review

5. Did the Court engage in impermissible adjudicatory departure by *sua sponte,* implicitly supplying alternative explanations for Plaintiff's factual predicate?

Applicable Standard of Review

[A] Do Novo review

6. Was the Court's failure to engage in any of the analysis required in connection with F.R.Civ.P. 12(b)(6) motions, plain error?

Applicable Standard of Review

[A] De Novo Review

7. Was the Court's failure to have discussed any of the factual or legal arguments made, or cases cited by Plaintiff in opposition to the F.R.Civ.P. 12(b)(6) motion, plain error?

Applicable Standard of Review

[A] De Novo Review

8. Whether Defendant's failure to have addressed any of the legal or factual arguments made by Plaintiff in opposition to the F.R.Civ.P. 12(b)(6) motion, resulted in abandonment/waiver?

Applicable Standard of Review

[A] De Novo Review

9. Was the Court's failure to have discussed any of the issues, arguments, or cases advanced by Plaintiff in connection with Plaintiff's Rule 59[e] motion plain error?

Applicable Standard of Review

[A] Abuse of Discretion

9. Whether Defendant's failure to have addressed Plaintiff's legal and factual arguments in connection with the F.R.Civ.P. 59[e] motion resulted in abandonment/waiver?

Standard of Review

[A] De Novo

10. Were the court's cumulative failures to adhere to established adjudicatory principles plain error?

Applicable Standard of Review

[A] De Novo review and Abuse of Discretion

11. Was the Court's dismissiveness toward and minimization of, anti-gay criminal activity improper?

Standard of Review

[A] De Novo Review

12. Was the Court's decision of March 23rd, which relied on/cited cases which were wholly inapposite (and in some instances, contrary to the holding for which the cases were cited) plain error?

Standard of Review

[A] De Novo Review

13. Did the Court fail to fulfill obligations imposed by *Twombley/Iqbal* which require that "the explanation offered by the defendant must be at least as likely as that offered by the

Plaintiff" inasmuch as there was no alternative (much less plausible) explanation offered by the defendant?

Standard of Review

[A] De Novo Review

14. Was the Court's use of vitriolic, disrespectful and demeaning language to describe Plaintiff improper?

Standard of Review

De Novo Review

15. Was the court's dismissal with prejudice improper on this record?

Standard of Review

[A] De Novo Review

16. Were the cumulative adjudicatory departures/derelictions upon which the March 23rd decision was dependent, indicative of impermissible bias/impartiality?

Standard of Review

[A] De Novo Review

17. Was the court's failure to address the request for oral argument on the F.R.Civ.P. 59[e] motion an abuse of discretion?

Standard of Review

[A] Abuse of Discretion

18. Was the court obligated as a procedural matter to address the motion for recusal before deciding the F.R.Civ.P. 59[e] motion?

Standard of Review

[A] De Novo Review

19. Given the court's cumulative adjudicatory departures, was recusal required

under 28 USC Section 455(a) and/or (b), either because of actual bias, or the appearance of impartiality?

Standard of Review

[A] Abuse of Discretion

20. Whether the record gives rise to a reasonable inference that the court may have consulted undisclosed extrajudicial sources?

Standard of Review

[A] Abuse of Discretion